UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LONNIE SPORTSMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | )   Case No.  4:10CV513 TIA |
| BNSF RAILWAY COMPANY, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant BNSF Railway Company's Bill of Costs (Docket No. 42) and Plaintiff's Objections (Docket No. 46) thereto and Defendant's Reply (Docket No. 47). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Judgment having been entered in the cause on May 26, 2011 (Docket No. 41), against Plaintiff Lonnie Sportsman and in favor of Defendant BNSF Railway Company on Defendant's Motion for Summary Judgment, Defendant filed a bill of costs on June 16, 2011, seeking recovery of its costs expended for deposition and transcription services. Plaintiff makes one objection to Defendant's requested costs.

Here, Defendant has submitted a bill of costs in the amount of $2,100.80, which includes costs in the amount of $808.20 for deposition of Plaintiff and $625.20 for videotaping the deposition. Plaintiff has not objected to the other costs requested.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides in pertinent part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court

otherwise directs ...." The term "costs" as used in Rule 54(d)(1) is defined in 28 U.S.C. § 1920[1] which enumerates the expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). Not all expenses of litigation are costs taxable against the losing party, however, and within the statutory framework of costs eligible to be taxed, the Court has the discretion in determining and awarding costs in a given case. Pershern v. Fiatallis N. Am., Inc., 834 F.2d 136, 140 (8th Cir. 1987). The Court recognizes that it has discretion to deny costs to the prevailing party, however, even in the absence of misconduct by that party. See Greaser v. State of Mo. Dept. of Corrections, 145 F.3d 979, 985 (8th Cir. 1998); Hibbs v. K-Mart Corp., 870 F.2d 435, 443 (8th Cir. 1989) (discussing discretionary nature of cost award under Rule 54(d) and 28 U.S.C. § 1920).

Several circuits, including the Eighth Circuit, have held that expenses associated with video depositions are recoverable. Craftsman Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 897-98 (8th Cir. 2009); see Little v. Mitsubishi Motors N. Am., 514 F.3d 699, 701 (7th Cir. 2008) (per curiam) (stating that courts may tax video-deposition expenses as costs under § 1920); see also Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1477 (10th Cir. 1997) ("[W]e hold section 1920(2) implicitly permits taxation of the costs of video depositions."); Morrison v. Reichhold Chems., Inc.,

---

[1]28 U.S.C. § 1920 states:

A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses: (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation for interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

97 F.3d 460, 464-65 (11th Cir. 1996) ("[W]e hold that, when a party notices a deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection is raised at that time ... it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed."); see also 28 U.S.C.A. § 1920(2) (2008) ("A judge or clerk ... may tax as costs ... [f]ees for printed electronically recorded transcripts necessarily obtained for use in the case.").

Plaintiff contends that Defendant cannot tax the costs of both the stenographic and videotape transcripts of his deposition. Plaintiff presents no other argument indicating that the taking of video-deposition was unreasonable or unnecessary, only that Defendant should not be able to recover the costs associated with both video depositions and stenographic transcripts. In the Reply, Defendant asserts that the video-deposition was necessary in the instant case in order to show "Plaintiff's physical appearance, visual demeanor, and the presence/absence of any outward signs of pain or other symptomatology." (ECF No. 47).

There is a split of authority as to whether both costs may be recovered under Section 1920(2), and the Eighth Circuit has not addressed the question, only the question of recovering the costs of a video-taped deposition. Section 1920(2) provides costs may be awarded for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." The undersigned finds Section 1920(2) precludes the recovery of the costs of depositions recorded by both stenographic and non-stenographic means. Amer. Guarantee & Liab. Ins., Co. v. U.S. Fidelity & Guar. Co., 2010 WL 1935998, at *2 (E.D. Mo. May 10, 2010) (finding the plain language of § 1920 disallows a party to recover costs for both stenographic transcripts and video costs for the same depositions); Thomas v. Newton, 2009 WL 1851093, at *3 (E.D. Mo. June 26, 2009) (finding that the use of the

disjunctive "or" means that the statute should be construed to permit either stenographic transcription or video-recording of depositions, but not both); The Jones Company Homes, LLC v. Laborers' Int'l Union of N. Am., 4:09cv1965 MLM (E.D. Mo. June 10, 2011) (finding costs to be taxable for either stenographic transcription or video-recording depositions, but not both).  Contra Farnsworth v. Covidien, Inc., 2010 WL 2160900, at *2 (E.D. Mo. May 28, 2010) (costs for both videotaping and transcription of depositions awarded, finding "it cannot be said that a videotape of a deposition is wholly duplicative of a transcript of the same deposition because the transcript only captures verbal communication, while the videotape captures both verbal and nonverbal communication."); St. Francis Med. Ctr. v. C.R. Bard, Inc., 2010 WL 1980328, at * 1 (E.D. Mo. May 18, 2010); see also Avante Int'l Tech. Corp. v. Premier Elec. Sys, Inc., 4:06cv978 TCM (E.D. Mo. Oct. 7, 2009); accord Advanced Software Design Corp. v. Fiserv, Inc., 4:07cv185 CDP (E.D. Mo. Oct. 23, 2009).

Having decided that Defendant cannot recover for both stenographic and video transcripts, the undersigned will disallow the video costs in the amount of $625.20.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Bill of Costs (Docket No. 42) is GRANTED in the amount of $1,475.60.


Dated this   29th    day of September, 2011.


                                           /s/ Terry I. Adelman
                                           UNITED STATES MAGISTRATE JUDGE